IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **MICHAEL BAKER,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | |
| § | |
| **U.S. BANK, N.A. IN ITS CAPACITY** § | |
| **AS TRUSTEE FOR THE** § | **CIVIL ACTION NO. 4:16-cv-407** |
| **REGISTERED HOLDERS OF CSFB** § | |
| **HOME EQUITY PASS-THROUGH** § | |
| **CERTIFICATES, SERIES 2005-** § | |
| **F1X1, and OCWEN LOAN** § | |
| **SERVICING, LLC,** § | |
| § | |
| Defendants. § | |

## FIRST AMENDED ANSWER

U.S. Bank N.A. in its capacity as Trustee for the Registered Holders of CSFB Home Equity Pass-Through Certificates, Series 2005-F1X1 ("U.S. Bank") and Ocwen Loan Servicing, LLC ("Ocwen") (together, "Defendants") file this First Amended Answer to Plaintiff Michael Baker's Original Petition (the "Petition"), and states as follows:

**I.   DISCOVERY CONTROL PLAN LEVEL**

1. The allegations contained in paragraph 1 of the Petition do not require a response.

**II.   PARTIES AND SERVICE**

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Petition. To the extent a response is required, Defendants deny the allegations.

3. With respect to the allegations contained in paragraph 3 of the Petition, Defendants admit solely that U.S. Bank can be served with process through its registered agent and deny the remaining allegations.

4. With respect to the allegations contained in paragraph 4 of the Petition, Defendants admit solely that Ocwen can be served with process through its registered agent and deny the remaining allegations.

### III. JURISDICTION AND VENUE

5. The allegations contained in paragraph 5 of the Petition are legal conclusions that do not require a response.

6. The allegations contained in paragraph 6 of the Petition are legal conclusions that do not require a response. To the extent a response is required, Defendants admit solely that the Court has jurisdiction.

7. The allegations contained in paragraph 7 of the Petition do not require a response.

### IV. FACTS

8. With respect to the allegations contained in the first sentence of paragraph 8 of the Petition, Defendants admit solely that Evelyn L. Lewis and Douglas Lewis owned 249 Buie Drive, Everman, Texas 76140 subject to their mortgage loan. Defendants admit the allegations contained in the second sentence of paragraph 8.

9. Defendants admit the allegations contained in paragraph 9 of the Petition.

10. The allegations contained in paragraph 10 of the Petition are too vague and ambiguous to permit a response. To the extent a response is required, Defendants admit solely that Ocwen serviced the loan on behalf of U.S. Bank.

11. The allegations in paragraph 11 of the Petition are legal conclusions to which no response is required. To the extent a response is required, Defendants admit that a Final Decree

of Divorce as to Evelyn and Douglas Lewis was signed on July 22, 2009 and states that the document speaks for itself.

12. With respect to the allegations contained in paragraph 12 of the Petition, Defendants state that the Final Decree of Divorce speaks for itself.

13. Defendants lack sufficient information or knowledge to form a belief as to the allegations contained in paragraph 13 of the Petition. To the extent a response is required, Defendants deny the allegations.

14. Defendants lack sufficient information or knowledge to form a belief as to the allegations contained in paragraph 14 of the Petition. To the extent a response is required, Defendants deny the allegations.

15. Defendants lack sufficient information or knowledge to form a belief as to the allegations contained in paragraph 15 of the Petition. To the extent a response is required, Defendants admit solely that mortgage payments were received after December 25, 2009 and deny all remaining allegations.

16. With respect to the allegations contained in paragraph 16, Defendants admit solely that an Affidavit of Heirship as to Evelyn Lewis was recorded on August 19, 2011. Defendants deny the remaining allegations.

17. Defendants deny the allegations contained in paragraph 17 of the Petition.

18. Defendants deny the allegations contained in the first sentence of paragraph 18 of the Petition. With respect to the allegations contained in the second sentence of paragraph 18, Defendants admit solely that Plaintiff inquired about assuming the loan in November 2011.

19. Defendants deny the allegations contained in paragraph 19 of the Petition.

20. With respect to the allegations contained in paragraph 20 of the Petition, Defendants admit solely that the property was sold at foreclosure sale on February 7, 2012 and deny all remaining allegations.

21. With respect to the allegations contained in paragraph 21 of the Petition, Defendants admit that U.S. Bank purchased the property at the foreclosure sale and deny all remaining allegations.

22. Defendants deny the allegations contained in paragraph 22 of the Petition.

23. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 23 of the Petition. To the extent a response is required, Defendants admit solely that a notice of sale was sent to Douglas Lewis.

24. The allegations contained in paragraph 24 of the Petition constitute legal conclusions to which no response is required. To the extent that a response is required, Defendants admit solely that the Affidavit of Heirship was recorded in the Tarrant County Real Property Records.

25. The allegations contained in the first sentence of paragraph 25 of the Petition are too vague and ambiguous to permit Defendants to reasonably frame a response. To the extent a response is required, Defendants admit that an application pursuant to Texas Rule of Civil Procedure 736 was filed against the property. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in the second sentence of paragraph 25 of the Petition. To the extent a response is required, Defendants deny the allegations. Defendants deny the allegations contained in the third sentence of paragraph 25. Defendants lack sufficient information or knowledge to form a belief as to the truth of the

allegations contained in the fourth sentence of paragraph 25 of the Petition. To the extent a response is required, Defendants deny the allegations.

26. With respect to the allegations contained in paragraph 26 of the Petition, Defendants state that the application speaks for itself and otherwise deny the allegations.

27. Defendants lack sufficient information or knowledge to form a belief as to the truth of the allegations contained in paragraph 27 of the Petition. To the extent a response is required, Defendants deny the allegations.

28. With respect to the allegations contained in paragraph 28 of the Petition, Defendants admit solely that U.S. Bank exercised its right of possession to the property and deny all remaining allegations.

## V.   AGENCY AND RESPONDEAT SUPERIOR

29. The allegations contained in paragraph 29 of the Petition constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations.

## VI.   BREACH OF CONTRACT

30. The allegations contained in paragraph 30 of the Petition do not require a response. To the extent a response is required, Defendant incorporates its responses from paragraphs 1-29 as if fully set forth herein.

31. The allegations contained in paragraph 31 of the Petition do not require a response.

32. The allegations contained in paragraph 32 of the Petition constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state that the Deed of Trust speaks for itself.

33. The allegations contained in the first sentence of paragraph 33 of the Petition constitute legal conclusions to which no response is required. To the extent a response is

required, Defendants state that the Deed of Trust speaks for itself.  Defendants deny the remaining allegations contained in paragraph 33.

34. Defendant denies the allegations contained in paragraph 34 of the Petition.

35. Defendant denies the allegations contained in paragraph 35 of the Petition.

36. Defendant denies the allegations contained in paragraph 36 of the Petition.

37. Defendant denies the allegations contained in paragraph 37 of the Petition.

38. Defendant denies the allegations contained in paragraph 38 of the Petition.

39. Defendant denies the allegations contained in paragraph 39 of the Petition.

40. The allegations contained in paragraph 40 of the Petition constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations.

## VII.   VIOLATION OF THE TEXAS DEBT COLLECTION ACT

41. The allegations contained in paragraph 41 of the Petition do not require a response.  To the extent a response is required, Defendant incorporates its responses from paragraphs 1-40 as if fully set forth herein.

42. The allegations contained in paragraph 42 of the Petition constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the cited statutes and cases speak for themselves and otherwise deny the allegations.

43. Defendant deny the allegations contained in paragraph 43 of the Petition.

44. The allegations contained in paragraph 44 of the Petition constitute legal conclusions to which no response is required.  To the extent a response is required, Defendants state that the cited statutes and cases speak for themselves and otherwise deny the allegations.

45. The allegations contained in paragraph 45 of the Petition constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state that the cited statutes and cases speak for themselves and otherwise deny the allegations.

46. The allegations contained in paragraph 46 of the Petition constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state that the cited statutes and cases speak for themselves and otherwise deny the allegations.

47. The allegations contained in paragraph 47 of the Petition constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state that the cited statutes and cases speak for themselves and otherwise deny the allegations.

48. The allegations contained in paragraph 48 of the Petition constitute legal conclusions to which no response is required. To the extent a response is required, Defendants state that the cited statutes and cases speak for themselves and otherwise deny the allegations.

## VIII. DAMAGES FOR PLAINTIFF

49. With respect to the allegations contained in paragraph 49 of the Petition, Defendants admit that Plaintiff seeks the requested relief but deny he is entitled to it.

## IX. REQUEST FOR DISCLOSURE

50. The allegations contained in paragraph 50 do not require a response.

51. Except as admitted, qualified, or otherwise pleaded, Defendants deny each and every matter and thing alleged in the Petition.

## X. AFFIRMATIVE AND OTHER DEFENSES

Without assuming the burden of proof, Defendant asserts the following defenses:

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Plaintiff's claims fail, in whole or in part, because Plaintiff lacks standing to bring them.

3. Plaintiff's claims are barred, in whole or in part, by Plaintiff's prior material breach of contract.

4. Plaintiff's claims are barred in whole or in part by estoppel in all its forms.

5. Plaintiff's claims are barred in whole or in part by the statute of frauds, parol evidence rule, merger, and economic loss doctrine.

6. Plaintiff's claims are barred in whole or in part by the doctrine of offset.

7. Plaintiff's claims are barred in whole or in part by waiver.

8. Plaintiff's claims are barred by the statute of limitations and/or repose.

9. Plaintiff's claims are barred or limited by his failure to mitigate damages.

10. Plaintiff's claims are barred in whole or in part by the doctrine of bona fide error.

11. Defendants' conduct was not the proximate cause of the alleged damages at issue in the Petition.

12. Plaintiff's claims are barred in whole or in part because Plaintiff has not complied with all conditions precedent to recovery.

13. Plaintiff's attorneys' fees are not recoverable, reasonable or necessary.

14. Defendants reserve the right to plead such other defenses and/or affirmative defenses which may become apparent and applicable during the pendency of this lawsuit.

Respectfully submitted,

*/s/ Kathryn G. Rawlings*
**Robert T. Mowrey**
Attorney-in-Charge
Texas Bar No. 14607500
rmowrey@lockelord.com
**C. Don Clayton**
Texas Bar No. 24027932
dclayton@lockelord.com
**Kathryn G. Rawlings**
Texas Bar No. 24074239
krawlings@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
(214) 740-8000 (Telephone)
(214) 740-8800 (Facsimile)

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served via CM/ECF on this 6th day of September 2016 to the following:

D. Kimberli Wallace
D. KIMBERLI WALLACE, PLLC
9500 Ray White Rd., Suite 200
Fort Worth, Texas 76244

*Attorneys for Plaintiff*

*/s/ Kathryn G. Rawlings*
Counsel for Defendants