IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| MICHAEL BAKER, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:16-cv-00407-O-BP |
| § | |
| U.S. BANK, N.A. IN ITS CAPACITY § | |
| AS TRUSTEE FOR THE § | |
| REGISTERED HOLDERS OF CSFB § | |
| HOME EQUITY PASS-THROUGH § | |
| CERTIFICATES, SERIES 2005-F1X1, § | |
| and OCWEN LOAN SERVICING, LLC, § | |
| § | |
| Defendants. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendants' Motion for Summary Judgment (ECF No. 17), Brief in Support (ECF No. 18), and Appendix in Support (ECF No. 19), filed February 6, 2017; Plaintiff's Response and Brief to Defendants' Motion for Summary Judgment (ECF No. 22) and Attachments (ECF No. 23), filed February 27, 2017; and Defendants' Reply in Support of Motion for Summary Judgment (ECF No. 24), filed March 9, 2017. United States District Judge Reed O'Connor referred this case to the undersigned for pretrial management by Order entered on February 24, 2017. ECF No. 20. A motion for summary judgment is an enumerated dispositive motion to which the undersigned may only make a recommendation to Judge O'Connor. 28 U.S.C. § 636(b)(1)(A).

Based upon a full review of the relevant pleadings on file and applicable legal authorities, the undersigned RECOMMENDS that Judge O'Connor GRANT Defendants' Motion for Summary Judgment (ECF No. 17).

I.  **BACKGROUND**

Plaintiff Michael Baker ("Baker") filed suit in the 348th Judicial District Court of Tarrant County, Texas, alleging breach of contract, breach of the Uniform Commercial Code ("UCC"), and violations of the Texas Debt Collection Act ("TDCA") against Defendants U.S. Bank, N.A., in its capacity as trustee for the registered holders of CSFB home equity pass-through certificates series 2005-F1X1, and Ocwen Loan Servicing, LLC (collectively, "Defendants"). ECF No. 1-3. Baker's claims are based on the Defendants' foreclosure of a property subject to the terms of a mortgage and deed of trust executed by Defendant Ocwen as the lender and Baker's mother, Evelyn L. Lewis, and her husband, Douglas C. Lewis, as borrowers. *Id.*; ECF No. 19. On June 1, 2016, Defendants removed this action based on diversity of citizenship jurisdiction. ECF No. 1. Thereafter, Defendants filed the instant Motion for Summary Judgment, contending that (1) Baker is not entitled to relief on his breach of contract claims because no contract exists between Baker and Defendants, (2) Baker's claims under the TDCA are time-barred, and (3) the UCC duty of good faith and fair dealing does not apply to mortgages. ECF No. 17.

Baker filed his Response, arguing that Defendants are not entitled to summary judgment on the breach of contract claims because Baker stepped into his mother's shoes with respect to the loan when "the Property, with lien attached, passed to Baker upon his mother's death[.]" ECF No. 22 at 6. Baker also asserts that Defendants are not entitled to summary judgment on his UCC claims because Defendant Ocwen violated its "duty of good faith and fair dealing with regard to its obligations under the Deed of Trust" by requiring Baker to submit a loan assumption package but failing to review it before instituting foreclosure. *Id.* at 8. Baker did not address Defendants' argument that Defendants are entitled to summary judgment on his TDCA claims because he did not file suit within the applicable statute of limitations. *See* ECF No. 22.

## II. LEGAL STANDARDS

### A. Summary Judgment Standard

Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment is proper when the pleadings and evidence illustrate that no genuine issue exists as to any material fact, thereby entitling the movant to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Slaughter v. Southern Talc Co.*, 949 F.2d 167, 170 (5th Cir. 1991). Disputes concerning material facts are genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1429 (5th Cir. 1996) (en banc) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). An issue is "material" if it involves a fact that might affect the outcome of the suit under the governing law. *Anderson*, 477 U.S. at 248; *Burgos v. Southwestern Bell Telephone Co.*, 20 F.3d 633, 635 (5th Cir. 1994). "The movant bears the burden of identifying those portions of the record it believes demonstrate the absence of a genuine issue of material fact." *Triple Tee Golf, Inc. v. Nike, Inc.*, 485 F.3d 253, 261 (5th Cir. 2007) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-25 (1986)).

When a movant carries his initial burden, the burden then shifts to the nonmovant to show that the entry of summary judgment is inappropriate. *Celotex*, 477 U.S. at 322-24; *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992). Although the nonmovant may satisfy this burden by tendering depositions, affidavits, and other competent evidence, "conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden," *Douglass*, 79 F.3d at 1429, as "the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). Merely colorable evidence or evidence not significantly probative, however, will not defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 249-50. Furthermore, a mere scintilla of

evidence will not defeat a motion for summary judgment. *Anderson*, 477 U.S. at 252; *Davis v. Chevron U.S.A., Inc.*, 14 F.3d 1082, 1086 (5th Cir. 1994).

Summary judgment evidence is viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Rosado v. Deters*, 5 F.3d 119, 123 (5th Cir. 1993). In addition, factual controversies are resolved in favor of the nonmovant, but only when both parties have submitted evidence of contradictory facts, thus creating an actual controversy. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). In the absence of any proof, however, the Court does not assume that the nonmovant could or would prove the necessary facts. *Id.*

In making its determination on the motion, the Court looks at the full record including the pleadings, depositions, answers to interrogatories, admissions, and affidavits. Fed. R. Civ. P. 56(c); *Williams v. Adams*, 836 F.2d 958, 961 (5th Cir. 1988). However, "the [Court's] function is not [ ] to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson*, 477 U.S. at 249. The movant's motion for summary judgment will be granted only if he meets his burden and the nonmovant fails to make the requisite showing that a genuine issue exists as to any material fact. Fed. R. Civ. P. 56(e)(2).

### B. *Erie* Doctrine

Baker's claims do not invoke a federal question; therefore the Court applies the law of the forum state, which here is Texas. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938). "Under the *Erie* doctrine, [courts] are bound in diversity cases to apply the substantive law of the forum state as interpreted by the state's highest court." *Am. Nat. Gen. Ins. Co. v. Ryan*, 274 F.3d 319, 328 (5th Cir. 2001) (citing *Ladue v. Chevron U.S.A., Inc.*, 920 F.2d 272, 274 (5th Cir. 1991)). The Court "look[s] to decisions of the state's highest court, or in the absence of a final decision by that court

on the issue under consideration, [ ] must determine in [its] best judgment, how the state's highest court would resolve the issue if presented with it." *Citigroup Inc. v. Fed. Ins. Co.*, 649 F.3d 367, 371 (5th Cir. 2011) (internal quotations omitted).

## III. ANALYSIS

### i. Breach of Contract and Texas Property Code § 51.002 Claims

Baker first asserts claims for breach of contract. ECF No. 1-3. "The essential elements of a breach of contract claim under Texas law are: '(1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of the contract by the defendant; and (4) damages sustained by the plaintiff as a result of the breach.'" *Richardson v. Wells Fargo Bank, N.A.*, 873 F. Supp. 2d 800, 809 (N.D. Tex. 2012), *aff'd,* 538 F. App'x 391 (5th Cir. 2013) (quoting *Smith Int'l, Inc. v. Egle Grp., LLC*, 490 F.3d 380, 387 (5th Cir. 2007)). Here, Baker identifies the Deed of Trust executed by his mother, Evelyn L. Lewis, and her husband, Douglas C. Lewis, as borrowers and Ocwen as the lender as the contract that Defendants have breached. ECF No. 1-3 at 8-9.

Baker cannot maintain a breach of contract claim under the Deed of Trust because he did not execute the contract and has not otherwise alleged that he is entitled to enforce the contract pursuant to any provision of Texas law. *MCI Telecommunications Corp. v. Texas Utilities Elec. Co.*, 995 S.W.2d 647, 651 (Tex. 1999) ("A third party may recover on a contract made between other parties only if the parties intended to secure some benefit to that third party, and only if the contracting parties entered into the contract directly for the third party's benefit."); ECF No. 19-1. It is undisputed that Baker did not sign the Deed of Trust. ECF No. 18 at 3; ECF No. 22 at 6. Baker instead alleges that he "has the right to assume the loan and continue to make monthly mortgage payments[,]" and that Defendants breached the Deed of Trust by refusing to accept mortgage

payments from him. *Id.* at 6-7. Baker cites to no case law, statutory provisions, or contractual provisions in support of his proposition that he has such a right, or that he can be entitled to relief on the grounds of a purported breach of a contract to which he was not a party. *See* ECF No. 22. To the contrary, the Texas Home Equity Security Instrument governing the property at issue provides only that "any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument." ECF No. 19-1 at 46. Although Defendant Ocwen sent Baker an assumption package, Baker did not assume the obligations under the Security Instrument in writing and concedes that Ocwen never approved any assumption. ECF No. 19-1 at 69; ECF No. 22 at 6-7.

Moreover, Baker cannot maintain a claim for breach of contract based on Defendants' alleged violation of Texas Property Code § 51.002. Baker alleges that because Defendants did not give Baker appropriate notice of foreclosure, they breached the Deed of Trust and violated Texas Property Code § 51.002. ECF No 1-3 at 9. § 51.002 requires, in pertinent part:

> [T]hat the mortgage servicer of the debt shall serve a *debtor* in default under a deed of trust or other contract lien on real property used as the *debtor's* residence with written notice by certified mail stating that the *debtor* is in default under the deed of trust or other contract lien and giving the *debtor* at least 20 days to cure the default before notice of sale can be given under Subsection (b).

*Garza v. Wells Fargo Bank, N.A.*, 632 F. App'x 222, 224 (5th Cir. 2016) (citing Tex. Prop. Code. Ann. § 51.002(d) (2007)) (emphasis in original). A debtor is someone "who, according to the records of the mortgage servicer of the debt, is obligated to pay the debt." *Id.* (citing Tex. Prop. Code. Ann. § 51.002(b)(3)). Because Baker did not execute the Promissory Note or Deed of Trust pertaining to his mother's property, he was not obligated to pay the debt. Therefore, Baker was not a debtor and was not entitled to foreclosure notices under Texas law; accordingly, Baker cannot

6

maintain a claim that Defendants violated Texas Property Code § 51.002. *Robinson v. Wells Fargo Bank, N.A.*, 576 F. App'x 358, 361 (5th Cir. 2014) (a mortgage servicer is only required to provide notice under § 51.002(d) to a debtor in default); *Rodriguez v. Ocwen Loan Servicing, LLC*, 306 F. App'x 854, 856 (5th Cir. 2009) (Texas law does not require that personal notice of a foreclosure be sent to persons not parties to the deed of trust). The undersigned concludes that Defendants are entitled to summary judgment on Baker's breach of contract and Texas Property Code claims.

    ii.   *Uniform Commercial Code Claim*

Baker asserts that Defendants are not entitled to summary judgment on his claim for a violation of the Uniform Commercial Code ("UCC"), codified in the Texas Business and Commerce Code. ECF No. 22 at 8. Baker claims that the Deed of Trust is a negotiable instrument that falls within the purview of the UCC. "Contrary to plaintiff's assertions, however, '[b]ecause the Deed of Trust places a lien on real property, it is not governed by the UCC.'" *Richardson*, 873 F. Supp. 2d at 812 (citing *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 753 (Tex. App.—San Antonio 1998, no pet.)). "The comments to section three of the UCC also could not be more clear: 'Article 3 is not meant to apply to contracts for . . . the sale or lease of real property or similar writings that may contain a promise to pay money.'" *Id.* (citing Tex. Bus. & Comm. Code § 3.104, Cmt. 2.5). "Accordingly, the UCC does not apply in these circumstances to impose a duty of good faith and fair dealing." *Water Dynamics, Ltd. v. HSBC Bank USA Nat. Ass'n*, No. 4:11-CV-614-A, 2012 WL 34252, at *6 (N.D. Tex. Jan. 6, 2012), *aff'd*, 509 F. App'x 367 (5th Cir. 2013).

Baker "has not presented the Court with any authority to support his view that there is a duty of good faith and fair dealing in the mortgage context." *Sgroe v. Wells Fargo Bank, N.A.*, 941 F. Supp. 2d 731, 749 (E.D. Tex. 2013). Therefore, Baker cannot maintain a claim against

Defendants under the provisions of the UCC. The undersigned finds that summary judgment is appropriate on Baker's UCC claim.

    *iii. Texas Debt Collection Act Claim*

Baker does not contest that his TDCA claim is time-barred. *See* ECF No. 22. "The statute of limitations for a TDCA claim is two years." *Bashore v. Bank of Am.*, No. 4:11CV93, 2012 WL 629060, at *6 (E.D. Tex. Feb. 27, 2012), *report and recommendation adopted,* No. 4:11CV93, 2012 WL 1080864 (E.D. Tex. Mar. 30, 2012) (citing *Duzich v. Marine Office of Am. Corp.*, 980 S.W.2d 857, 872 (Tex. App.—Corpus Christi 1998, pet. denied)). Baker is time-barred from asserting a TDCA claim based on a foreclosure sale that occurred on February 7, 2012, as the statute of limitations precludes such a claim after February 2014. ECF No. 18 at 8; *see id.* The undersigned concludes that summary judgment is warranted on Baker's TDCA claim.

## IV. CONCLUSION

For the foregoing reasons, the undersigned RECOMMENDS that Judge O'Connor GRANT Defendants' Motion for Summary Judgment (ECF No. 17).

A copy of this findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b)(1). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual

findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    Signed March 10, 2017.

                                                                _____
                                                                Hal R. Ray, Jr.
                                                                UNITED STATES MAGISTRATE JUDGE